UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARINA KIRYUSHCHENKOVA,<br><br>                   Plaintiff,<br>    v.<br><br>AMERICAN FAMILY INSURANCE COMPANY, an insurance company,<br><br>                   Defendant. | CASE NO. 20-5842 RJB<br><br>ORDER ON MOTIONS FOR EXTENSION OF DEADLINES AND VARIOUS OTHER MOTIONS |

       This matter comes before the Court on the Plaintiff's Motion for an Extension of the Discovery Deadline (Dkt. 46) and American Family Insurance Company's ("American Family") Motion for Relief from a Deadline, Motion to Quash, Motion for Protective Order and Request for Sanctions (Dkt. 48) and motion to strike (Dkt. 53). The Court has considered the pleadings filed regarding the motions and the remaining file.

       This case arises from a 2017 car accident in which the Plaintiff was hit at an intersection in Vancouver, Washington. Dkt. 13. At the time of the accident the Plaintiff had a policy with American Family that included underinsured motorist ("UIM") coverage. *Id*. After the other

ORDER ON MOTIONS FOR EXTENSION OF DEADLINES AND VARIOUS OTHER MOTIONS - 1

1  driver's insurance limits were exhausted, American Family accepted Plaintiff's claim for
2  coverage under the UIM portion of her policy. *Id.* In this lawsuit, the Plaintiff asserts that
3  American Family did not properly handle her claim. *Id.* She claims it breached their contract,
4  violated Washington's Insurance Fair Conduct Act ("IFCA"), including various provisions of the
5  Washington Administrative Code ("WAC"), violated Washington's Consumer Protection Act
6  ("CPA"), acted in bad faith, was negligent and caused her emotional distress. *Id.*

7   The Plaintiff now moves for an extension of the discovery deadline to complete a Fed. R.
8  Civ. P. ("Rule") 30(b)(6) witness deposition. Dkt. 46. American Family moves to extend the
9  deadline to file discovery related motions, moves to quash the Plaintiff's Notice of Deposition
10 regarding the Rule 30(b)(6) witness, or, in the alternative, moves for a protective order relating to
11 the deposition of that witness. Dkt. 48. It also moves for sanctions (Dkt. 48) and to strike the
12 Plaintiff's response (Dkt. 53). For the reasons provided below, the Plaintiff's motion should be
13 granted. American Family's motion for an extension of time should be granted, its motion to
14 quash denied, and its motion for protective order granted, in part, and denied, in part. American
15 Family's motion to for sanctions and motion to strike the Plaintiff's response should be denied.

16                     **I.   FACTS**

17  This case was originally filed in Clark County, Washington Superior Court on August 10,
18 2020 and removed to this court on August 21, 2020. Dkt. 1. The parties agreed to various
19 extensions of case deadlines, and under the current case schedule, the trial is set to begin on June
20 13, 2022 and the discovery deadline is March 17, 2022. Dkts. 25, 35, 39, 42 and 43.

21  On August 4, 2021, the parties deposed Jennifer Snobeck. Dkt. 49-1, at 25-28. Ms. Snobeck
22 was the American Family adjuster for the Plaintiff's claim. *Id.*

23
24

1   On August 5, 2021, the Plaintiff sent American Family a list of topics for a possible Fed.
2   R. Civ. P. 30(b)(6) deposition. Dkt. 49-1 at 33-34. American Family objected and after the
3   parties conferred, around September 30, 2021, the Plaintiff withdrew the deposition request, but
4   indicated that she may renew this requested discovery later. *Id.* at 36-46 and 62-65.

5   On March 7, 2022, ten days before the discovery cutoff date, the Plaintiff sent American
6   Family a Notice of Deposition for a Rule 30(b)(6) witness. Dkt. 49-1 at 2-4. The notice
7   indicated that the following topics would be the subject of inquiry:

- company policies and procedures for hiring, training and compensation of persons assigned to evaluate and adjust UIM claims in general and adjuster II Snobeck in particular.
- company procedures and policies set for approval / disapproval of limits set for adjuster II and adjuster II work by the company supervisors.
- specific training and supervision of Adjuster II Snobeck from 2006 to the IFCA letter (non objected period).
- expectations of and limits assigned to Snobeck in her performance of her duties as UM/UIM adjuster II during the non objected period.
- company policies and procedures for setting the value of a UM/UIM claims in general and the present UIM claim in particular.
- internal communications about Plaintiff's claim between Snobeck and any other person in AFMIC prior to IFCA letter.
- valuation of Plaintiff's UIM claim; facts to support the same including injuries considered in such valuation.

16  *Id.* On March 9, 2022, American Family objected to the deposition notice generally and to the
17  30(b)(6) topics. *Id.* at 8-16. The parties met and conferred on March 9, 2022 and were unable to
18  resolve this dispute. *See* Dkt. 49-1 at 73. (While the Plaintiff asserts that American Family did
19  not confer in good faith (Dkt. 51), the showing that they met and conferred is sufficient.)

20  Both parties filed responses (Dkts. 50 and 51). Plaintiff's response (Dkt. 51) was filed a
21  few days late.

22  American Family's motion to strike the Plaintiff's response should be considered first.
23  Then, American Family's motion for relief from a deadline and its motion to quash the

deposition notice should be considered. Next, the Plaintiff's motion for an extension of the deadline, followed by American Family's motion for protective order, and lastly, American Family's motion for sanctions should be considered.

## II. DISCUSSION

### A. AMERICAN FAMILY'S MOTION TO STRIKE

In its reply, American Family moves to strike the Plaintiff's response, arguing that it was filed two days late and that it is over length. Dkt. 53. The motion should be denied. In the interest of fully considering all issues raised in this case, the response should be considered. American Family was not prejudiced by the timing of the response – it timely filed a reply. Further, the Plaintiff's brief was only two pages over the twelve-page limit in Local Rule W.D. Wash. 7(e)(2)(providing that motions noted under Local Rule (d)(2), like this one, and briefs in opposition shall not exceed 12 pages). There are two motions pending and the Plaintiff did not file a reply to American Family's opposition to his motion. The Plaintiff's response should be considered.

### B. AMERICAN FAMILY'S MOTION FOR RELIEF FROM A DEADLINE

Pursuant to Fed. R. Civ. P. 16(b)(4), case deadlines may be extended for good cause. Considering the timing involved with this discovery dispute, American Family has stated good cause for an extension of the deadline to file discovery related motions until March 17, 2022. Accordingly, its motion (Dkt. 48) should be granted.

### C. AMERICAN FAMILY'S MOTION TO QUASH

Rule 45(d)(3) "Quashing or Modifying a Subpoena," provides,

> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>     (i) fails to allow a reasonable time to comply;

        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
   (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or
        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

American Family's motion to quash the notice of the Rule 30(b)(6) witness (Dkt. 48) should be denied. American Family first asserts that the notice was not reasonable because it was sent ten days before the close of discovery. Pursuant to Rule 30(b)(1), a party seeking a deposition must give reasonable notice to the other party. While ten days is a short period of time, it is not unreasonable here. This is particularly true when the Plaintiff notified American Family of her intent to take a Rule 30(b)(6) deposition and even after she agreed not to act on that intention in 2021, she made it clear that she may do so in the future.

American Family argues that the Plaintiff has already deposed its adjuster Ms. Snobeck and she either testified about the issues raised in the notice as potential areas of inquiry or the Plaintiff had the opportunity to ask her about them. These are not adequate grounds to quash a subpoena. Ms. Snobeck is a fact witness. She was not designated as a Rule 30(b)(6) speaking agent for American Family at that time. Not all the areas of potential inquiry in the notice of deposition pertain to Ms. Snobeck.

American Family also asserts that several of the topics identified require disclosure of privileged or other protected matters and is unduly burdensome. Dkt. 48. American Family further contends that the deposition notice may require it to "disclose a trade secret or other confidential research, development, or commercial information." *Id.* American Family's broad objections failed to show that all the topics in the notice fall into one of these categories. Its general assertions are not sufficient to quash the notice of deposition.

### D. AMERICAN FAMILY'S ALTERNATIVE MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The order may include "forbidding the . . . discovery," "limiting the scope of disclosure or discovery to certain matters," and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or revealed only in a specified way." Rule 26(c)(1)(A), (D), and (G).

American Family asserts that any discovery outside July 12, 2017 (the date of Plaintiff's loss) to April 20, 2020 (the date of Plaintiff's IFCA complaint) is overbroad and irrelevant. Dkt. 48. Further, it claims that once the litigation began, the discovery sought by the Plaintiff is protected by attorney-client privilege or is attorney-work product. *Id.*

American Family's motion for a protective order limiting all requested discovery to July 12, 2017 to April 20, 2020 (Dkt. 48) should be granted, in part, and denied, in part. To the extent that Plaintiff seeks various company policies and procedures the discovery should be limited to those in place at the time of Snobeck's hiring to the present. The Plaintiff has shown that discovery is relevant and American Family does not demonstrate good cause for that information to be protected. Contrary to American Family's assertion, it has not shown that company

policies and procedures are protected by the attorney-client privilege or are attorney-work product.  Moreover, some of the Plaintiff's requests are already limited in time.  For example, the Plaintiff's seeks information specific to Snobeck during the "non objected period" and seeks internal communications about the Plaintiff's claim between Snobeck before her IFCA complaint.  To the extent that the Plaintiff seeks information about American Family's valuation of her claim before her IFCA complaint, the motion for a protective order should be denied.  To the extent she seeks that information after the IFCA complaint was filed, the motion for a protective order should be granted. American Family has shown that the valuation of her claim after the litigation began is work-product.

American Family argues that "pattern of behavior is not an element" of Plaintiff's claims and so it should be protected from have to turn over discovery seeking such patterns. Dkt. 48.  This does not provide an adequate basis to issue a protective order.  Further, the policies and procedures sought by Plaintiff may be relevant or lead to relevant information.

American Family asserts that personnel files are confidential and it should be protected from having to release personnel files to the Plaintiff.  Dkt. 48.

The Plaintiff's 30(b)(6) topics do not identify a particular personnel file about which she wishes to inquire.  The Plaintiff arguably identifies topics that might require information out of Ms. Snobeck's file regarding her hiring, training, and compensation.  The Plaintiff has shown that information about Ms. Snobeck's hiring and training is relevant.  American Family does not show sufficient good cause to issue a blanket protective order for Ms. Snobeck's personnel file.  On the other hand, the Plaintiff has not demonstrated that Ms. Snobeck's compensation is relevant.  American Family has shown that as to her compensation, there is good cause to protect Ms. Snobeck or American Family from having to disclose that information.

In conclusion, American Family's motion for a protective order (Dkt. 48) should be granted as to company policies and procedures in place before Ms. Snobeck was hired, information regarding American Family's valuation of her claim after the Plaintiff filed her IFCA complaint, and information from Ms. Snobeck's personnel file about her compensation; the motion for a protective order (Dkt. 48) should be denied in all other respects.

### E. PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE

As stated above, a case schedule may be modified for good cause. Rule 16(b)(4). Considering the timing of events here, and that American Family raises some legitimate concerns about some of the topics identified in the notice, the Plaintiff has demonstrated good cause for an extension of time. Her motion for an extension of time to take the deposition of American Family's Rule 30(b)(6) witness should be granted. The parties should work together to find a date on which they can agree.

### F. AMERICAN FAMILY'S MOTION FOR SANCTIONS

In regard to a motion for sanctions for having to file a motion for a protective order, Rule 26(c)(3) provides that Rule 37(a)(5) applies to the award of expenses. Under Rule 37(a)(5)(C), where a motion is granted, in part, and denied, in part, as here, the Court may "apportion reasonable expenses for the motion." No such apportionment should be given in this case. In the future, the parties are expected to work to resolve these sorts of issues without Court intervention.

### III.   ORDER

It is **ORDERED** that:

- American Family's Motion for Relief from a Deadline (Dkt. 48) **IS GRANTED**; the deadline to file a motion related to discovery is extended to March 17, 2022;

- American Family's Motion to Quash (Dkt. 48) **IS DENIED**;

- American Family's Motion for Protective Order (Dkt. 48) **IS DENIED, IN PART, AND GRANTED ONLY** as to company policies and procedures in place before Ms. Snobeck was hired, information regarding American Family's valuation of her claim after the Plaintiff filed her IFCA complaint, and information from Ms. Snobeck's personnel file about her compensation;

- Plaintiff's Motion for an Extension of Discovery Deadline (Dkt. 46) **IS GRANTED** to a mutually agreeable date for the Plaintiff to take a Rule 30(b)(6) deposition; and

- American Family's Motion for Sanctions (Dkt. 48) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 4th day of April, 2022.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge