UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARINA KIRYUSHCHENKOVA,<br><br>                Plaintiff,<br>    v.<br><br>AMERICAN FAMILY INSURANCE COMPANY, an insurance company,<br><br>                Defendant. | CASE NO. 20-5842 RJB<br><br>ORDER ON MOTION FOR RECONSIDERATION OF ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT AND VARIOUS OTHER MOTIONS |

This matter comes before the Court on American Family Insurance Company's ("American Family") Motion for Reconsideration of the May 16, 2022 Order on Motion for Partial Summary Judgment and Various Other Motions[1]. Dkt. 75.  The Court has considered the pleadings filed regarding the motion and the remaining file.

This case arises from a 2017 car accident in which the Plaintiff was hit at an intersection in Vancouver, Washington. Dkt. 13.  At the time of the accident the Plaintiff had a policy with

---

[1] Counsel should note that the subject order (Dkt. 68) was written before the Motion to Bifurcate Trial (Dkt. 71) was filed.

ORDER ON MOTION FOR RECONSIDERATION OF ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT AND VARIOUS OTHER MOTIONS - 1

American Family that included underinsured motorist ("UIM") coverage. *Id*. After the other driver's insurance limits were exhausted, American Family evaluated Plaintiff's claim for coverage under the UIM portion of her policy. *Id.* In this lawsuit, the Plaintiff asserts that American Family did not properly handle her claim. *Id.* She claims it breached their contract, violated Washington's Insurance Fair Conduct Act ("IFCA"), including various provisions of the Washington Administrative Code ("WAC"), violated Washington's Consumer Protection Act ("CPA"), acted in bad faith, was negligent, and caused her emotional distress. *Id.*

American Family's motion for partial summary judgment on the Plaintiff's bad faith claims was denied on May 16, 2022. Dkt. 68. The facts and procedural history are in that May 16, 2022 Order and are adopted here.

American Family now moves for reconsideration of May 16, 2022 order, arguing that: (1) the Plaintiff failed to disclose postage as damage, (2) the February 11, 2020 letter is dispositive evidence warranting dismissal of all bad faith claims, (3) reliance on *Beasley v. GEICO Gen. Ins. Co.*, 2022 WL 1151426, at *12 (Wash. Ct. App. Apr. 19, 2022) and *Kosovan v. Omni Ins. Co.*, 19 Wn. App. 2d 668, 700 (2021) was in error, and (4) the April 20, 2020 IFCA letter requires consideration of evidence only before that date for Plaintiff's bad faith claims. Dkt. 75. American Family also requests clarification of the finding that any evidence or testimony after the April 20, 2020 IFCA Complaint date "is irrelevant and inadmissible to Plaintiff's remaining bad faith and/or extracontractual claims (if any) because such information was not available to American Family during its UIM investigation and evaluation." *Id.*

**DISCUSSION**

Pursuant to Western Dist. Wash. Local Rule ("Local Rule") 7(h)(1), "motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a

showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

American Family's motion for reconsideration should be denied.  It has failed to point to "manifest errors in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence."

American Family's argues that the decision to deny the motion for summary judgment on the Plaintiff's CPA claim was in error because the Plaintiff did not disclose postage as part of her damage.  Dkt. 75.  This is not grounds to reverse the decision on the motion for summary judgment.  The Plaintiff asserted that she was damaged and included the letter in the record.  American Family's arguments about whether the Plaintiff properly disclosed her damage and whether it is admissible at trial are more appropriately decided at trial.

American Family argues that the Plaintiff's lawyer's February 11, 2020 letter, which demanded settlement and included a statement that she was "currently exhibiting no symptoms and feels she has fully recovered from her injuries," is dispositive of the bad faith claims.  Considering all the evidence in the record, this is not dispositive of the bad faith claims.  American Family takes issue with the decision to exclude the letter under Fed. R. of Ev. 408.  For purposes of the order on summary judgment, exclusion of the letter was not in error.  Whether the letter is admissible at trial, and for what purpose, remains to be determined.

Additionally, American Family has not shown that the Court's reliance on *Beasley* and *Kosovan* are misplaced.

American Family argues that the decision to deny its motion to strike an attachment to Kiryushchenkova's declaration was in error.  As explained in the order on summary judgment,

ORDER ON MOTION FOR RECONSIDERATION OF ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT AND VARIOUS OTHER MOTIONS - 3

while the attachment was considered, it was of minimal value and certainly was not determinative of the result. The motion for reconsideration should be denied.

American Family seeks clarification on whether "any evidence or testimony" after the "April 20, 2022 IFCA Complaint date is irrelevant and inadmissible to Plaintiff's remaining bad faith and/or extracontractual claims . . . because such information was not available to American Family during its UIM investigation and evaluation." Dkt. 75.

The motion for clarification should be denied. A general ruling on this evidence as advocated by American Family is not appropriate in this motion. Admission of evidence will be evaluated in the context of motions *in limine* or at trial.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 31st day of May, 2022.

            ROBERT J. BRAN
            United States District Judge