UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARINA KIRYUSHCHENKOVA,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>AMERICAN FAMILY INSURANCE COMPANY, an insurance company,<br><br>　　　　　　　　　Defendant. | CASE NO. 20-5842 RJB<br><br>ORDER DENYING MOTION TO BIFURCATE TRIAL |

This matter comes before the Court on American Family Insurance Company's ("American Family") Motion to Bifurcate Trial. Dkt. 71. The Court has considered the pleadings filed regarding the motion and the remaining file, heard oral argument on June 3, 2022, and orally ruled. This Order supplements the Court's oral ruling.

This case arises from a 2017 car accident in which the Plaintiff was hit at an intersection in Vancouver, Washington. Dkt. 13. At the time of the accident the Plaintiff had a policy with American Family that included underinsured motorist ("UIM") coverage. *Id*. After the other driver's insurance limits were exhausted, American Family evaluated Plaintiff's claim for

coverage under the UIM portion of her policy. *Id.* In this lawsuit, the Plaintiff asserts that American Family did not properly handle her claim. *Id.* She claims it breached their contract, violated Washington's Insurance Fair Conduct Act ("IFCA"), including various provisions of the Washington Administrative Code ("WAC"), violated Washington's Consumer Protection Act ("CPA"), acted in bad faith, was negligent, and caused her emotional distress. *Id.*

American Family now moves to bifurcate the trial separating the contractual and extra-contractual claims. Dkt. 71. It urges the Court to follow *Fortson-Kemmerer v Allstate Insurance Co.*, 198 Wash. App. 387 (2017). The Court understands that there may be some conflicts in Defendant's positions in regard to various claims, as set forth in *Fortson-Kemmerer*, but also understands that jury instructions can alleviate those issues. *See Estate of Hoxsey*, C15-2013-RSM, 2016 WL 7724740, at *2.

## DISCUSSION

Federal Rule of Civil Procedure 42(b) provides, in part:

> **Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

A court's decision on bifurcation is committed to its discretion. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001). Separate trials are the exception, not the rule, and the Court will not bifurcate without good reason. "In deciding a motion for bifurcation pursuant to Federal Rule of Civil Procedure 42(b), the Court considers factors such as convenience, prejudice, judicial economy and whether the issues are clearly separable." *McCoy v. Liberty Mut. Fire Ins. Co.,* C09-5464BHS, 2009 WL 5215760, at *4 (W.D. Wash. Dec. 29, 2009) (citing SCHWARZER, TASHIMA & WAGSTAFFE, FED. CIV. PROC. BEFORE TRIAL 16:160.4 (1999); *Hirst v.*

ORDER DENYING MOTION TO BIFURCATE TRIAL - 2

*Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982)). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Drennan v. Maryland Cas. Co.*, 366 F.Supp.2d 1002, 1007 (D. Nev.2005) (citing *O'Malley v. United States Fidelity and Guaranty Co.,* 776 F.2d 494, 501 (5th Cir. 1985) ("Since a recovery on the bad faith claim would not have been possible unless O'Malley prevailed on his coverage claim, the district court acted correctly in bifurcating the issues to avoid prejudice and to expedite the trial.")). Bifurcation is inappropriate where the issues are so intertwined that separating them would "tend to create confusion and uncertainty." *See Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 511 (9th Cir.1989) (*citation and quotation marks omitted*).

On the showings made here, it appears that a great deal of the evidence will be applicable to all of Plaintiff's claims, and that bifurcation would not expedite or economize the necessary evidence but would require two separate trials with largely repetitive evidence. As stated in *Miller*, *supra*, bifurcation here "is inappropriate where the issues are so intertwined that separating them would 'tend to crate confusion and uncertainty.'" Prejudice can be avoided by appropriate jury instructions. Furthermore, it is not clear that a result in the Defendant's arguably first phase of the case would result in the dismissal of remaining claims.

American Family's motion to bifurcate the contract-based claims from the extra-contractual claims (Dkt. 71) should be DENIED.

## I.    <u>ORDER</u>

It is **ORDERED** that:

- American Family's Motion to Strike (Dkt. 71) IS DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 6th day of June, 2022.

                                             ROBERT J. BRYAN
                                             United States District Judge

ORDER DENYING MOTION TO BIFURCATE TRIAL - 4